WOOTON et al. v. JONES. (No. 5742.)

(Court of Civil Appeals of Texas. Austin.
Oct. 4, 1916.)

1. APPEAL AND ERROR ⬳66—"FINAL JUDGMENT."

With certain statutory exceptions, no appeal can be prosecuted until a final judgment has been rendered; a judgment which does not dispose of all the issues involved not being final.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 329–331, 335–343; Dec. Dig. ⬳66.

For other definitions, see Words and Phrases, First and Second Series, Final Judgment.]

2. APPEAL AND ERROR ⬳71(3) — FINAL JUDGMENT.

Judgment, in an injunction suit to restrain sale of realty on foreclosure of mortgage, which was limited by its express terms to the cause of action asserted by plaintiffs in their original petition for injunction, and did not attempt to dispose of their plea wherein they sought to recover penalties against defendant mortgagee for his alleged collection of usurious interest, was not final.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 393–398; Dec. Dig. ⬳71(3).]

3. APPEAL AND ERROR ⬳768 — STATE OF PLEADINGS BELOW—ADMISSION.

On appeal from a judgment in an injunction suit to restrain sale on foreclosure, the statement in defendant appellee's brief that plaintiff appellants' plea, asserting their right to recover penalties on account of usury, was not called to the attention of the trial court when the case was disposed of will be regarded as equivalent to an admission that the plea referred to was then on file.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3103; Dec. Dig. ⬳768.]

4. APPEAL AND ERROR ⬳71(3)—"FINAL ORDER"—APPEAL IN INJUNCTION SUIT—STATUTES.

Rev. St. 1911, arts. 4644–4646, provide for an appeal from an order granting, refusing, or dissolving injunction. Plaintiff sued to foreclose the mortgage, and defendant filed a general demurrer and obtained a temporary injunction. Held, that an order dissolving the temporary injunction after the case had been called for trial, and an order sustaining the demurrer to the petition for an injunction, though adjudicating one of the branches of the case, was not final, where a plea of usury set up in the answer was not disposed of.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 393–398; Dec. Dig. ⬳71(3).

For other definitions, see Words and Phrases, First and Second Series, Final Order.]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Suit by H. A. Wooton and another against W. C. Jones. From a judgment for defendant, plaintiffs appeal. Appeal dismissed.

W. A. Anderson and A. L. Brantley, both of San Angelo, for appellants. Jos. Spence, Jr., and Blanks, Collins & Jackson, all of San Angelo, for appellee.

KEY, C. J. In April, 1914, W. C. Jones brought suit against H. A. Wooton and his wife upon a promissory note for $2,000 and for interest and attorney's fees, and sought to foreclose a mortgage lien on certain real estate in Tom Green county. At the May term, 1915, of the district court of Tom Green county, judgment was rendered for Jones as prayed for in his petition. August 2, 1915, the defendants H. A. Wooton and his

wife filed an injunction suit in the district court of Tom Green county, to restrain the sale of the real estate upon which the mortgage had been foreclosed by the judgment referred to. On the same day the judge of the District court of Tom Green county, acting in vacation, granted a temporary writ of injunction, restraining the sale of the land "until the further order of said district court," etc. On the 15th day of May, 1916, W. C. Jones, the defendant in the injunction suit, filed an answer, which included a general demurrer to the petition for injunction and a motion to dissolve the same. On the 16th day of May the Wootons filed a plea which contained exceptions to the pleading filed the previous day by W. C. Jones, a reply to the averments contained in Jones' pleading, and a cross-action, alleging that the $2,000 note upon which the original suit was predicated was usurious; that they had made certain payments upon that note, and were entitled under the usury statute to recover penalties which exceeded the true amount of their indebtedness to Jones to the extent of $830.88, which latter amount they sought to recover from Jones. At that time the district court of Tom Green county was in session, and on that day that court rendered the following judgment:

"W. C. Jones v. H. A. Wooton et al. No. 2646. In the District Court of Tom Green County, Texas. May Term, 1916. On this 16th day of May, 1916, this cause being regularly reached and called for trial, came on to be heard plaintiff's motion to dissolve the temporary injunction issued by the honorable judge of this court in vacation on the 2d day of August, 1915, together with the general demurrer of plaintiff to defendants' petition for injunction which was filed on the 2d day of August, 1915, and defendants by their counsel in open court stated that they now abandon any and all grounds for injunction based on any homestead claim of defendants in any of the real estate involved in this suit; and the court, having heard said general demurrer and the argument of counsel thereon, is of the opinion that the law is with plaintiff, and that plaintiff's said general demurrer as contained in plaintiff's motion to dissolve said injunction, and in plaintiff's answer to defendant's petition for injunction on the 15th day of May, 1916, to defendant's said petition for injunction which was filed on the 2d day of August, 1915, be, and the same is hereby, sustained, and defendants' said petition for injunction is hereby dismissed, and said injunction heretofore issued by the honorable judge of this court in vacation is now dissolved. It is further ordered that defendants and the sureties on their injunction bond pay all costs incurred in this injunction proceeding, for which execution may issue in favor of the officers of the court against defendant H. A. Wooton and the sureties on said injunction bond. To which order and ruling of the court defendants then and there excepted, and in open court gave notice of appeal to our Court of Civil Appeals for the Third Supreme Judicial District of Texas, at Austin."

On the 18th day of May, 1916, H. A. Wooton and his wife filed a motion for a new trial, which motion, in part, reads as follows:

"1. Because said order of the court does not dispose of all the issues in this cause, in that these defendants had, on the said 16th day of May, 1916, by leave of the court filed in this suit before any announcement of ready upon said demurrers and motion to dissolve said injunction, filed in this cause their first supplemental petition, which said supplemental petition is on file in this cause, hereby referred to and made a part of this motion, which said supplemental petition, answer, and cross-action of defendants, shows a meritorious defense, and a complete legal defense and cross-action against plaintiff, and shows that plaintiff would be indebted to defendants in a large sum of money after canceling the debt sued upon by plaintiff, and setting aside and annulling the judgment which had been enjoined."

On the following day the motion for new trial was overruled, Wooton and his wife excepted and gave notice of appeal, and the case has been advanced and submitted to this court for decision.

[1] At the threshold of the case, and before considering the questions presented by the parties, this court is confronted with a question of jurisdiction. With certain statutory exceptions, it is well settled by a long line of decisions that no appeal can be prosecuted until a final judgment has been rendered; and it is equally as well settled that a judgment which does not dispose of all the issues involved in the case is not a final judgment. The leading case upon that subject is Linn v. Arambould, 55 Tex. 611; and it has been followed by numerous other cases, as shown by Rose's Notes, vol. 2, p. 1054, 1910 edition.

[2-4] The judgment rendered in this case, and from which it is sought to prosecute this appeal is, by its express terms, limited to the cause of action asserted by the Wootons in their original petition for injunction filed August 2, 1915, and does not attempt to dispose of their plea, in which they sought to recover penalties against Jones on account of his alleged collection of usurious interest. The judgment that was rendered is nothing more than a judicial determination that the plaintiff's original petition stated no cause of action, and that the temporary injunction previously issued should be dissolved. It is stated in appellee's brief that appellants' plea, which asserted their right to recover penalties on account of usury, was not called to the attention of the trial court at the time the case was disposed of. We regard that statement as equivalent to an admission that the plea referred to was then on file, but the record does not show that appellants had abandoned that plea. On the contrary, appellants' motion for a new trial indicates that the plea referred to had not been abandoned, and ought to have been sufficient to direct attention to the fact that no final judgment had been rendered, though the question of jurisdiction of this court does not depend upon the trial court's knowledge of the fact that a judgment is not final.

[5] However, it is stated in the brief of one of the parties that this appeal is prosecuted under article 4644 of the Revised

Statutes, and if that article authorizes the appeal, it should not be dismissed. That article, and the two immediately following it, read as follows:

"Art. 4644. *Appeals Allowed to Courts of Civil Appeals.*—Any party or parties to any civil suit wherein a temporary injunction may be granted, refused or dissolved, under any of the provisions of this title, in term time or in vacation, may appeal from the order or judgment granting, refusing or dissolving such injunction, to the Court of Civil Appeals having jurisdiction of the case; but such appeal shall not have the effect to suspend the enforcement of the order appealed from, unless it shall be so ordered by the court or judge who enters the order; provided, the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment granting, refusing or dissolving such injunction."

"Art. 4645. *Proceedings on Appeal.*—It shall not be necessary to brief such case in the Court of Civil Appeals or Supreme Court, and the case may be heard in the said courts on the bill and answer, and such affidavits and evidence as may have been admitted by the judge granting, refusing or dissolving such injunction; provided, the appellant may file a brief in the Court of Civil Appeals or Supreme Court upon the furnishing the appellee with a copy thereof not later than two days before the case is called for submission in such court, and the appellee shall have until the day the case is called for submission to answer such brief."

"Art. 4646. *Case to have Precedence on Appeal.*—Such case shall be advanced in the Court of Civil Appeals or Supreme Court on motion of either party, and shall have priority over other cases pending in such courts."

Considering all of these articles together, we do not think that article 4644 should be construed as having application to and controlling a judgment rendered upon a final trial, although such judgment may result in the dissolution of a temporary injunction previously granted. By enacting articles 4644, 4645, and 4646, we think it was the purpose of the Legislature to provide a speedy means by which an appeal might be prosecuted from an order or judgment, granting, refusing, or dissolving an injunction, with the view to have the appeal, if possible, disposed of before the case should be finally tried in the district or county court, and that it was not intended to control a judgment rendered upon final trial. In the instant case the record shows that the orders sought to be appealed from were made after the case had been regularly reached and called for trial; and the order, sustaining the general demurrer to the original petition for injunction, was sufficient grounds, in and of itself, for dissolving the temporary injunction, and was, in fact, a final adjudication of one of the branches of the case. But it left unadjudicated and undisposed of the other branch of the case involved in the plea of usury; and therefore we feel compelled to hold no final judgment, in the sense necessary to confer jurisdiction upon this court, was rendered in this case.

It is not to be understood from what has been said in this opinion, nor from our action in dismissing the appeal, that this court has passed upon the merits of the plea of usury, and appellant's asserted right to recover penalties, as set up in that plea. The merits of that plea were not determined by the trial court, and have not been considered by this court.

For the reasons stated, we hold that this court has no jurisdiction, and therefore the appeal is dismissed.

Appeal dismissed.