WOOTTON et al. v. JONES.    (No. 855.)

(Court of Civil Appeals of Texas. El Paso. May 16, 1918. Rehearing Denied June 13, 1918.)

1. JUDGMENT ⏐⏐460(1) — VACATION — SUFFICIENCY OF PETITION.

In suit to set aside judgment against plaintiffs on a note for $2,000 and foreclosing of deed of trust, and to recover statutory penalties for collecting usurious interest, petition setting up an agreement by defendant's attorney to extend the time of payment of the note, plaintiffs' reliance on the statements, etc., and defendant's having taken judgment against them before the cause of action was due, notwithstanding his attorney's assurance as to the extension, held to state a cause of action.

2. JUDGMENT ⏐⏐427—VACATION.

If defendant's attorney told plaintiff to go about his business, that defendant's suit on a note would be dismissed, and no judgment taken, and if plaintiffs relied on this statement, and left the county, but, notwithstanding such assurances, defendant, without notice, regular trial, and without jury as demanded, took judgment in May before the cause of action was due in October, plaintiffs could vacate such judgment in equity.

3. COURTS ⏐⏐90(7)—LAW OF CASE—HOLDING OF OTHER COURT OF CIVIL APPEALS.

A holding of a Court of Civil Appeals that a judgment was not a final decree, unappealed from, is controlling in another Court of Civil Appeals on the lack of finality of such judgment.

Appeal from District Court, Tom Green County; Jas. Cornell, Special Judge.

Action by H. A. Wootton and Grace E. Wootton against W. C. Jones. From judgment in part for plaintiffs, they appeal. Reversed and remanded.

See, also, 189 S. W. 350.

A. L. Brantley and H. S. Garrett, both of San Angelo, for appellants. S. C. Autry, Jos. Spence, Jr., and Blanks, Collins & Jackson, all of San Angelo, for appellee.

HARPER, C. J. This suit was filed by appellants in the nature of a bill in equity to set aside a judgment against them in favor of appellee on a note for $2,000 and foreclosure of deed of trust on certain lands, and to recover statutory penalties for collecting usurious interest. From a judgment which sustains a general demurrer to that portion of the petition which seeks to set the judgment aside, and which (judgment)

decrees recovery by appellants for penalties for usury, the cause comes to us for review.

The only assignment is that the trial court erred in sustaining the demurrer. The only question to be determined is: Does the petition contain such allegations of fact as to be the basis of a decree setting aside the judgment on the note and foreclosure of lien and to reopen the cause for new trial?

The petition first sets up the facts concerning the execution of the note for $2,000 and the deed of trust, alleging that at the time of the execution of the deed of trust certain of the lands constituted their homestead; then itemized statement of usurious interest paid; then alleges:

That appellee filed his suit April 30, 1914, on the note and to foreclose the lien; that while the said suit was pending, and before trial or judgment, in consideration of additional security, etc., appellee, Jones, signed the following writing:

"I, W. C. Jones, the owner and holder of the above-described note, for and in consideration of * * * additional security and the payment of the annual interest when due, have granted the extension requested, and the said note is hereby extended until October 8, 1915, * *. * provided the annual interest is paid as it falls due, according to the terms of the note"—signed May 8, 1914.

That in connection with the above extension contract, and in further consideration thereof, the defendants paid back due interest on said note to the amount of $587.77 or approximately such amount, and thereupon plaintiff and his then counsel of record, one Joseph Spence, Jr., advised the defendants that said suit was settled, that said note would be extended in accordance with the foregoing written extension agreement, that defendants would have a year from that date in which to pay the said note, and that in the meantime the suit would be dismissed, and that no attempt would be made to take any judgment against defendants therein, which statements so made to defendants were believed by them and relied upon by them and were by them communicated to their attorney of record, W. A. Anderson, Esq., and believed and relied upon by him. That in fact, on or about the 7th day of May, the defendant H. A. Wootton had a personal conversation with Joseph Spence, Jr., attorney of record for the plaintiff, Jones, and his agent in fact, in which the said Joseph Spence, Jr., advised the defendant Wootton that the plaintiff had now given him a year to pay his note, and that he (Wootton) could go about his business and need not pay any further attention to the note or suit, whereupon the defendant Wootton did proceed to Lampasas county, Tex., and never knew or had reason to or suspect that the said purported judgment had been rendered against him until the writ of execution was levied upon his property as herein set out. Wherefore the defendants say that they were deceived by the false and fraudulent representations and statements made by plaintiff and his counsel of record and agent, and defendants allege the facts to be that said representations were made for the purpose of deceiving the defendant and enabling the plaintiff to have such purported judgment entered and execution issued thereon and be levied upon the property of defendants and for the purpose of inducing the defendant H. A. Wootton, husband of Grace E. Wootton, to leave Tom Green county so that the purported judgment might be secretly entered in his absence and without his knowledge and consent, and but for such fraudulent representations the defendants would have been present at the entry or alleged rendition, if there was in fact any rendition, of said purported judgment, and would have protested thereat, and would have asserted each and all of the defenses herein mentioned. That, notwithstanding said agreement, appellee, plaintiff in the original suit, filed an amended petition November 24, 1914, to which appellants answered that the note was not due for the reason that the time of payment had been extended to October 8, 1915, that the suit was wrongfully brought with the intention of harassing defendants, and that they were compelled to pay out $100 for counsel fees, and prayed that plaintiff take nothing by their suit and that they have judgment for the $100. That in January, 1915, a jury was demanded and fee deposited with the clerk in the case. That on May 20, 1915, at a time when the cause was not set down regularly for trial, when there was no jury present, without notice to defendant, and without giving an opportunity to be heard and without any hearing, judgment was taken in said suit as follows:

On this 20th day of May, A. D. 1915, this cause being regularly reached and called for trial, came plaintiff by his attorney and announced ready for trial on his cause of action against defendants, as well as the cause of action asserted against him to intervener A. F. Collins. Defendants, H. A. Wootton and Mrs. Grace E. Wootton, came not, although they and each of them have heretofore been duly and legally served with citation of plaintiff's first amended original petition and have in writing heretofore entered their appearance as defendants in this cause for all purposes, now say nothing in defense of plaintiff's suit. Also came intervener A. F. Collins by his attorney, and says he will no longer prosecute his cause of action against plaintiff or defendants as set out in his petition for intervention filed in this cause, and prays the court that his petition for intervention be dismissed, which is accordingly done; and plaintiff, W. C. Jones, having announced ready on his cause of action against defendants H. A. Wootton and Mrs. Grace E. Wootton, and no jury being demanded, all questions of fact and law were submitted to the court, and after hearing

the pleadings, evidence, and argument of counsel, the court rendered judgment for $2,739.60 for plaintiff, and foreclosed the mortgage lien.

That it was entered without their knowledge or consent, without opportunity to be heard, without a jury, or any trial in fact. That the allegations therein that defendants said nothing are false. That Jones fraudulently concealed from the appellants (here) that he had secured the judgment until execution was issued. That they had a meritorious defense which they would have asserted if given a chance to do so, in this, that the suit was prematurely brought. That the interest sought to be recovered was usurious in the sum of $1,467.63, which they were entitled to have credited against the original sum loaned, $1,900, which would leave $432.-39 due. That the purported lien upon the homestead was void. That, if they had been given an opportunity, these matters would have been set up in defense of the suit, but by the fraudulent acts of plaintiff in taking the judgment without notice they were not given an opportunity to do so. That upon levy by the sheriff of execution under said judgment they applied for and secured a temporary writ of injunction restraining the execution of the judgment, but that upon hearing May 16, 1916, the trial court dissolved the writ. That an appeal was taken from said order, and that the appeal was dismissed because of no final judgment.

Wherefore, they say said judgment of May 20, 1915, is void: (1) Because it is not final, in that it does not dispose of the issues, nor of the cross-action. (2) Because it was unfairly, improperly, and fraudulently taken, in that they were not given a chance to be heard. (3) Because it does not dispose of all the parties, in that it does not dispose of Grace E. Wootton. (4) Because not rendered with the aid of a jury, and was entered in fact without trial. (5) Because it attempts to foreclose an illegal lien upon homestead.

[1] We are of the opinion that the petition states a good cause of action to set aside the judgment, and that it was error for the court to sustain the demurrer; for plaintiffs (appellants here) were entitled to have their action disposed of upon its merits. Hester v. Baskin, 184 S. W. 726; Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100.

Appellee urges: First, that it is manifest from the pleadings and evidence that there are no equities in favor of appellants, but that they were guilty of such negligence and carelessness in connection with the prosecution of their defense as to preclude them from reopening the case; second, that appellants' petition does not show that they were prevented by fraud from making a valid defense to the original suit; third, that they have not shown that the issues presented in the new suit were pleaded or necessarily involved in the original action.

[2] The pleadings charge that after the suit was filed there was a valid agreement upon good consideration to extend the time of payment of the note until October 8, 1915, that the attorney told them to go on about their business, that the suit would be dismissed, no judgment would be taken, and that they relied upon the statements and left the county, and that notwithstanding these assurances, the plaintiff, without notice, without a regular trial, and without jury as demanded, took their judgment in May before the cause of action was due in October, all of which constituted questions of fact to be determined upon their merits (Connell v. Nickey, 167 S. W. 313), and, on the other hand, it is charged that they were prevented from making any defense by the assurance that no judgment would be taken in the case, but that it would be dismissed.

[3] It is further urged that the petition shows that appellants had not complied with their extension agreement. If the judgment for usury is correct, they had paid $350 more interest than was due at the time judgment was taken. Appellee further urges that at the time the trial court entered the judgment appealed from May, 1917, it had no jurisdiction to determine the issues involved for the reason that they had been disposed of by judgment entered May 15, 1916. The answer to this contention is that the Court of Civil Appeals at Austin upon appeal held that the judgment now invoked was not a final decree (Wooton v. Jones, 189 S. W. 350), and this holding, not having been appealed from, is controlling, and its effect is that it was no judgment at all.

The cause must therefore be reversed, and remanded for a new trial upon its merits. The appellants suggest that the cause be affirmed as to the judgment for penalty, but the matters are so inseparably connected that in our opinion they should all be adjusted in the same decree; so the order reversing and remanding applies to the whole case.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.