## JONES v. WOOTTON et ux.
### (No. 190–3238.)

(Commission of Appeals of Texas, Section A. March 2, 1921.)

1. **Judgment** ⬦⬦363, 379(1)—**To warrant vacation, party must show meritorious defense.**

To entitle a party to set aside and vacate a judgment after the adjournment of the term at which it was rendered, he must allege a meritorious defense to the original cause of action, and show that his failure to present the defense at the proper time was not due to lack of diligence.

2. **Judgment** ⬦⬦443(3) — **Judgment vacated where party prevented from presenting defenses by fraud.**

While a judgment will not be vacated after adjournment of the term to allow defendant to present a defense which might, in the exercise of diligence, have been urged at trial, this rule has no application where the complaining party has been prevented by the fraud of his adversary from presenting such defense.

3. **Judgment** ⬦⬦143(17)—**Default vacated where taken in violation of agreement.**

Where plaintiff took a default judgment foreclosing a deed of trust in violation of an agreement that the time would be extended and the case would not be tried for a year, the default should be vacated on a showing of a meritorious defense.

4. **Injunction** ⬦⬦184—**Judgment** ⬦⬦729—**Dissolution not conclusive on issue in case which was withdrawn, abandoned, or ruled out by court.**

Where, in violation of an agreement that an action on a note and to foreclose a deed of trust securing the same would not be tried and that the time should be extended, the creditor took a default judgment, and the debtors then filed a suit to have the judgment vacated and to enjoin foreclosure, the statement, on the hearing at which the injunction was dissolved, that the debtors abandoned any ground based on any homestead claim, did not estop the debtors from urging the homestead claim as a ground for setting aside the default judgment; for a point is not concluded by a judgment, although it was involved in the action, or was placed in issue thereon, if it was withdrawn or abandoned or ruled out by the court.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by H. A. Wootton and wife, Grace E. Wootton, against W. C. Jones. Judgment in part for plaintiffs was, on their appeal, reversed and remanded by the Court of Civil Appeals (204 S. W. 237), and defendant brings error. Affirmed.

S. C. Autry, Jos. Spence, Jr., and Blanks, Collins & Jackson, all of San Angelo, for plaintiff in error.

A. L. Brantley of San Angelo, and H. S. Garrett, of Cisco, for defendants in error.

SPENCER, J. On May 30, 1914, plaintiff in error, W. C. Jones, filed suit in the district court of Tom Green county against defendants in error H. A. Wootton and wife, Grace E. Wootton, to recover upon a promissory note executed by H. A. Wootton in the sum of $2,000, due and payable January 9, 1914, and to foreclose a deed of trust lien upon certain property described in the deed of trust given to secure the payment of the note.

On November 24, 1914, plaintiff in error filed his first amended original petition, which was, in substance, the same as the original. On December 14, 1914, defendants in error answered, admitting the execution of the note and deed of trust, but alleged that an application was made by them on May 1, 1914, to extend the date of payment of the note until October 1, 1915, and that by written agreement dated May 8, 1914, the extension was granted. Defendants in error demanded a jury, paid the jury fee, and had the cause transferred to the jury docket.

On May 20, 1915, judgment was rendered in the cause in favor of the plaintiff in error for the amount of the note, principal, interest, and attorney's fees, and for a foreclosure of the deed of trust lien. The decree contains this recitation:

"Defendants, H. A. Wootton and Mrs. Grace E. Wootton, came not, although they and each of them have heretofore been duly and legally served with citation of plaintiff's cause of action as set out against them in plaintiff's first amended original petition, and have in writing heretofore entered their appearance as defendants in this cause for all purposes, now say nothing in defense of plaintiff's suit."

On August 2, 1915, subsequent to the adjournment of the term at which the judgment was rendered, defendants in error filed suit to have the judgment opened and to restrain the sale of the property upon which the lien was foreclosed. Plaintiff in error. and the sheriff of Tom Green county were named as defendants in this proceeding. They alleged, in substance, as grounds for vacating and setting aside the judgment, that under the terms of the extension agreement the note had not matured and that the judgment was taken in violation of this agreement; that while they did not pay the interest upon the note regularly as contemplated by the extension agreement, upon the payment of $500 interest thereon in May, 1915, plaintiff in error and his attorney informed them that the suit was settled; that the note was extended in accordance with the agreement, and that they would have a year from the date of the payment of the $500 interest in which to pay the note, if they desired that length of time, during which period no judgment would be taken against them. The petition also contained a general allegation to the effect that the property sought to be sold under the original judgment included their homestead, and that a forced sale of it would work irreparable injury to complainants.

The court granted a temporary order restraining the sale of the property. Plaintiff in error filed a motion to dissolve this order, and in connection therewith urged general and special demurrers to the petition, and upon the merits alleged that the time of payment was to be extended only in the event that defendants in error paid the annual installments of interest which fell due on the 6th day of January in the years 1913, 1914, and 1915, which they alleged had not been done.

On the 11th day of May, 1916, defendants in error filed a supplemental petition in which they alleged, in substance, that plaintiff in error had exacted and collected $1,365.44 usurious interest upon the note sued upon, and that they were entitled to recover from him twice the amount thereof, and have the same applied as an offset to the payment of the note.

At the May term of court, A. D. 1916, the following judgment was rendered:

"W. C. Jones v. H. A. Wootton et al. No. 2646. In the District Court of Tom Green County, Texas, May Term, 1916. On this 16th day of May, 1916, this cause being regularly reached and called for trial, came on to be heard plaintiff's motion to dissolve the temporary injunction issued by the honorable judge of this court in vacation on the 2d day of August, 1915, together with the general demurrer of plaintiff to defendants' petition for injunction which was filed on the 2d day of August, 1915, and defendants by their counsel in open court stated that they now abandon any and all grounds for injunction based on any homestead claim of defendants in any of the real estate involved in this suit; and the court, having heard said general demurrer and the argument of counsel thereon, is of the opinion that the law is with plaintiff, and that plaintiff's said general demurrer as contained in plaintiff's motion to dissolve said injunction, and in plaintiff's answer to defendant's petition for injunction filed on the 15th day of May, 1916, to defendant's said petition for injunction which was filed on the 2d day of August, 1915, be, and the same is hereby, sustained, and defendants' said petition for injunction is hereby dismissed, and said injunction heretofore issued by the honorable judge of this court in vacation is now dissolved. It is further ordered that defendants and the sureties on their injunction bond pay all costs incurred in this injunction proceeding, for which execution may issue in favor of the officers of the court against defendant H. A. Wootton and the sureties on said injunction bond. To which order and ruling of the court defendants then and there excepted, and in open court gave notice of appeals to our Court of Civil Appeals for the Third Supreme Judicial District of Texas, at Austin."

Defendants in error appealed from the judgment thus rendered to the Court of Civil Appeals for the Third Judicial District at Austin, and that court was of opinion that, as the judgment did not dispose of the defense of usury urged by defendants in error, it was not a final judgment and should be dismissed for want of jurisdiction. Wootton et al. v. Jones, 189 S. W. 351.

On June 11, 1917, defendants in error filed their second amended original petition in which they specifically urged the homestead question, in addition to the plea of usury, as a meritorious defense entitling them to have the judgment of May 20, 1915, opened.

Plaintiff in error urged what he termed a plea in abatement, which the court properly treated as a general demurrer, to this amended answer. The reasons urged for sustaining the demurrer were that the issues presented in the second amended petition were neither pleaded nor necessarily involved in the original suit against defendants in error, and that if the homestead issue was raised by the original pleadings filed in the proceeding to open the original judgment it had been abandoned as revealed by the interlocutory order of May 16, 1916.

The court sustained the general demurrer, and in so doing considered the pleadings and judgment in the original cause, also the pleadings and judgment in the cause to set aside the original judgment. To conform to this action of the court, defendants in error filed their third amended original petition, omitting all matters, except the plea of usury. This issue was tried with the aid of a jury as an independent action, and in response to a special verdict returned the court rendered judgment in favor of defendants in error for $700, which amount was credited upon the judgment of May 20, 1915.

Upon appeal, the Court of Civil Appeals, being of opinion that defendants in error's second amended petition stated a cause of action, setting forth a meritorious defense entitling them to have the judgment of May 20, 1915, set aside and vacated, reversed and remanded the cause. 204 S. W. 237.

[1] To entitle a party to set aside and vacate a judgment after the adjournment of the term at which it was rendered, he must allege a meritorious defense to the original cause of action, or a substantial part thereof, and show that his failure to present such defense at the proper time was not due to lack of diligence on his part. Watson v. Newsham, 17 Tex. 437.

[2, 3] The general rule is well recognized that the relief sought in a proceeding to vacate and set aside a judgment will not be granted if the defenses set forth therein as ground for vacating the judgment might have, in the exercise of proper care and diligence, been pleaded in defense of the action at the time of trial. The effect of such a rule is that no judgment will be set aside after the adjournment of the term of court at which it was rendered to permit a defense which could, in the exercise of ordinary care, have been presented upon the trial.

This rule has no application, however, where the complaining party has been prevented by the fraud of his adversary from presenting such defenses. The fraud charged in this case is that the judgment was taken contrary to an agreement. The rule with reference to taking judgments contrary to agreement is thus stated in 23 Cyc. 920:

"Where there was an agreement between the parties that a case should be continued, or that defendant's time to answer should be extended, or that the action should be dismissed as the result of a compromise or settlement or a promise of plaintiff that he would not press the case to judgment, in violation of which plaintiff, without notice to defendant, enters a default or seeks a judgment against the latter in his absence, it is good ground for vacating the judgment."

If, relying upon a written agreement postponing the case, or the verbal assurances of the plaintiff in error and his counsel that the case was settled, or that it would not be called for trial for a year, they abandoned further preparation for trial, they would not be limited to the defenses set up in the original suit.

[4] This leads us to consider whether defendants in error abandoned the homestead claim. Defendants in error in one action sought to have the judgment of May 20, 1915, set aside and vacated, and the sale of property under that judgment enjoined. The main cause of action was one for setting aside and vacating the judgment; the prayer for injunction was but ancillary to it. The judgment of May 16, 1916, is not a final judgment, but clearly indicates a disposition of the injunction feature only. It does not purport to deal with the merits of the main cause. The court dismissed the petition in so far as the injunction was concerned, but this did not operate, in the absence of a finding to that effect, as a dismissal of the main cause. Their right to a trial upon the merits of the main cause continued after the dissolution of the temporary injunction, unless they expressly waived it, which was not done. Love v. Powell, 67 Tex. 15, 2 S. W. 456.

The abandonment of the homestead claim was confined to the injunction feature of the case, and was not intended as an abandonment of that issue in so far as the main cause was concerned. It is observed that the judgment recites that—

"Defendants by their counsel in open court stated *they now abandon any and all grounds for injunction based on any homestead claim in any real estate involved in this suit*." (Italics ours.)

They could abandon it in the injunction proceeding without estopping themselves to urge it in the main action. As said in 23 Cyc. 1312:

"A point or question is not concluded by a judgment, although it was involved in the action, or was placed in issue therein, if it was withdrawn or abandoned, stricken out on motion, or ruled out by the court, and therefore constituted no part of the verdict or final judgment in the case."

As against a general demurrer, the second amended petition stated a meritorious defense and set forth a good excuse for failing to defend at the proper time.

We recommend, therefore, that the judg-

ment of the Court of Civil Appeals, reversing and remanding the cause, be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.