## WALBERG v. ROGERS. (No. 2106.)

(Court of Civil Appeals of Texas. Amarillo. March 28, 1923.)

1. Judgment 419—Irregularity of sheriff's return not ground for equitable relief.

In an action by a real estate agent against his client for a commission, addition of the words "together with the accompanying certified copy of plaintiff's petition" to a sheriff's return on a citation to defendant issued on the petition, even if they were added without authority, in view of the fact that the client admitted that he was served with citation accompanied by a copy of the agent's original petition, would not defeat the jurisdiction of the court or invalidate its judgment so as to make it subject to suit for equitable relief.

2. Judgment 419—Default judgment rendered without notice on amended pleading changing cause of action sued on set aside in equity.

In an action by a real estate agent against a client for a commission for selling land, in which the original petition alleged the client's promise to pay a commission was made when the land was listed, an amended petition admitting that no such promise was made when the land was listed, but charging that a promise in writing to pay the commission was made when the land was sold, in view of testimony that such promise was a part of a written contract of sale signed on the part of the client by one acting as agent, who had no authority to execute the contract, changed the cause of action, and required default judgment against the client to be set aside in equity.

3. Judgment 443(3)—Letters keeping party away from trial held to present excuse for his failure to defend.

In a suit to vacate and restrain collection of a judgment entered in an action by a real estate agent against a landowner and one who had contracted to buy land for a commission for selling the land, letters written by the agent to the landowner to the effect that he was suing the one who had contracted to purchase, and the landowner would be a necessary party, but that the suit could not hurt him, presented a sufficient excuse for failure of the landowner to appear and defend.

4. Appeal and error 1177(3)—Suit to vacate default judgment remanded for lack of necessary parties.

Where a judgment refusing to vacate a default judgment is reversed, but appellee suggests and appellate court finds want of proper parties to suit to vacate the judgment, the cause will be remanded for a new trial to permit joining such party.

Appeal from District Court, Randall County; Henry S. Bishop, Judge.

Suit by Nels Walberg against J. E. Rogers. From judgment for defendant, and dissolving a temporary injunction previously granted in favor of plaintiff, plaintiff appeals. Reversed and remanded.

Chas. C. Cook, of Pampa, for appellant.
Underwood & Jackson, of Amarillo, for appellee.

KLETT, J. [1] Appellant, Nels Walberg, brought this suit against appellee, J. E. Rogers, to vacate a judgment and restrain the collection of same. The appellant alleges that in cause No. 904 in the district court of Randall county, Tex., appellee filed suit against appellant and W. H. Carter for a commission of $1,680 for the February, 1921, term of such court, and that at the February, 1922, term of such court judgment was rendered in favor of said Carter, but judgment by default was taken against appellant upon an amended petition, without the appellant's knowledge or consent. The appellant attacks the judgment rendered in said cause on three grounds: (1) The sheriff's return on the citation issued on the original petition was altered after the sheriff had signed the same, by adding to such return the words, "together with the accompanying certified copy of plaintiff's petition; (2) the amended petition set up a new cause

of action and judgment by default was taken thereon without service; (3) appellant was prevented from appearing or defending by reason of fraud practiced on him by appellee. Upon a trial, without a jury, the court below refused appellant the relief prayed for and dissolved the temporary injunction previously granted.

Appellant was the owner of 960 acres of land in Randall county, which he had contracted to sell to said Carter on the installment plan. Mr. Carter listed the land for sale with appellee, as a real estate broker, who brought about a sale to one E. G. Bryan on August 19, 1920. Until then the superior title remained in appellant. A written contract of sale between Bryan and Carter was drawn up and signed by Carter as agent for appellant, who was designated as the vendor. Appellee had a clause inserted in this contract providing for the payment of 5 per cent. commission to him for making the sale. This contract was entered into in Randall county, Tex., and later closed there. Appellant lived in Gray county, and was not present when the agreement was made and claimed he had no knowledge of it; Carter admitting that he had no authority to sign the contract for appellant. When the deal was closed, appellant was there to deliver his deed and receive the balance of the purchase money, but appellee was out of town and could not be communicated with. In the process of closing the contract Mr. Powell, the bank cashier, who had prepared the contract, stated to appellant and Mr. Carter that appellee was expecting his commission. Thereupon appellant exhibited the original contract of sale between himself and Carter, and at the suggestion of Carter the sum of $1,680, representing the amount of the commission, was taken out of Carter's part of the purchase price and deposited in the bank, with the understanding that such sum would remain there until the question of liability for commission was decided by the courts. Appellant was paid the remainder of the money due him. He denies that he ever listed the land with an agent or promised to pay a commission.

On September 22, 1920, appellee filed the suit for commission against appellant and W. H. Carter in cause No. 904, alleging that said defendants, "before the 1st day of August, 1920, placed and listed" said land with appellee at $35 per acre, "whereby it was agreed and understood by and between plaintiff and defendants that plaintiff should obtain a purchaser," upon terms acceptable to said defendant, "in consideration of the sum of 5 per cent. commission to the plaintiff on the full amount of the selling price of the land and premises to be paid over to plaintiff by the defendant at the time of making of said sale, which the defendants agreed, promised, and obligated themselves to pay to plaintiff," which amount was alleged to be the customary and usual commission on August 19, 1920, and "that, in pursuance of said agreement so made, the plaintiff did, on or about the 19th of August, 1920," procure the purchaser to whom defendants conveyed the land. Citation on this petition was issued to Gray county on March 8, 1921, and served April 22, 1921. The case remained on the docket until the February, 1922, term of court, when an amended petition was filed and judgment by default rendered against the appellant without further service of process. The amended petition is similar to the original petition, except that the amended petition omits the allegation that the promise to pay a commission was made when the land was listed, and adds instead the averment "that prior to said sale there was no agreement as to the amount of the commission plaintiff was to receive in case he made the sale," but that when the sale was made on August 19, 1920, a contract in writing to pay a commission was entered into between plaintiff and defendants. The appellant did not appear and did not accept or waive service of process under the statute. He declared that he was led to believe from statements made to him by appellee that he was only a formal party, and that it was not necessary for him to appear, as the proceeding would not affect him. On the trial of cause No. 904 the court instructed the jury on the issue of Carter's liability as follows:

"It appearing from the pleadings and evidence that the defendant W. H. Carter, in the listing and sale of the land involved in this suit, acted only as an agent for the defendant Nels Walberg, and not on his own individual responsibility, and that therefore said defendant W. H. Carter is not liable to plaintiff for any amount of commission for such sale, and is entitled to a verdict and judgment in his favor, you are instructed to find against plaintiff and in favor of defendant W. H. Carter."

In this connection the appellant introduced in evidence the following letters, written to him by the appellee:

Exhibit No. 1: "Canyon, Texas. Dear Mr. Walberg: I have had to sue Carter for a commission, and it looks like it will be necessary to make you a party to the suit, which I hate to do, of course. I am entitled to a commission. Carter signed for it, and I wish you would direct this money to be turned loose. It will save lots of court costs. Say Sec. 16, Block 2 N, forfeited to the state for nonpayment of money, 1, 1918, so look after it, Your friend, J. E. Rogers."

Exhibit No. 2: "'First National Bank. Canyon, Texas, Feb. 26, 1921. Nels Walberg—Dear Sir and Friend: The case against Carter and you is set for next Friday, and we see that the sheriff, through neglect, has failed to serve notice on you, so I am asking you to please come to Canyon next Friday. Now, Mr. Walberg, this can't hurt you, as $1,680.00 is tied up here in the bank, and I only want the court to say who gets the money.' If you won't come into

court, of course, I will have to issue papers for you and wait until the next term of court, but, if you will answer next Friday, why this will be settled. It can't help any one for this suit to be put off. So, if you will, please come. Of course, if I am not entitled to this commission, then the $1,680.00 will belong to you and Carter, so let's settle it in this court. Please write on return if you will come or not. Now, if you could not come Friday and could come the next week, will you please answer? Yours truly, J. E. Rogers."

After judgment was rendered in favor of appellee against appellant, the appellee and Carter divided the $1,680 left in the bank. The suit to vacate said judgment and restrain the collection thereof was started as soon as appellant learned that judgment had been taken against him.

Passing on the first issue in the case, we find it necessary to overrule the contention that the sheriff's return was altered as charged by the appellant. It is true it is hard to say from the evidence when the words were added or who wrote them in the sheriff's return, but, even though it should appear that the amendment to the return was entered without authority, this fact would not defeat the jurisdiction of the court or invalidate the judgment in a suit of this kind because appellant admitted he was served with citation, accompanied by copy of plaintiff's original petition, as recited in the return. Harrison v. Sharpe (Tex. Civ. App.) 210 S. W. 731 (writ refused).

[2] The second ground of attack is that the judgment by default was rendered without notice, on an amended pleading changing the cause of action sued on. We believe that this ground requires the default judgment to be set aside. The original petition alleged that the appellant's promise to pay a commission was made when the land was listed, before August 1, 1920. The amended petition admitted that there was no such agreement made when the land was listed, but charged that a promise in writing to pay the commission was made when the land was sold on August 19, 1920. It appears from the record that such promise to pay a commission was embodied in the written contract of sale signed by Carter as agent for appellant, and that it is the evidence on which judgment was rendered against appellant, although Carter admitted on the trial below that he had no authority for executing the contract of sale for the appellant. We believe that the amendment made a substantial change in the cause of action. If it did, the appellant was entitled to notice.

Phoenix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707; McRee v. Brown, 45 Tex. 503. In Phoenix Lumber Co. v. Houston Water Co., supra, the trial court sustained an exception to an amended petition, on the ground that it set up a new cause of action which was barred under the statute of limitation. Judge Brown, speaking for the Supreme Court, held:

"If the facts alleged in the sixth amended petition do not express substantially the same contract as that set up in the original petition, then the judgment of the court sustaining the exception must be affirmed. It is not sufficient that the causes of action be similar in their nature, but they must be essentially identical. Four tests are laid down by which to determine the identity of causes of action: (1) Would a recovery had upon the original bar a recovery under the amended petition? (2) Would the same evidence support both of the pleadings? (3) Is the measure of damages the same in each case? (4) Are the allegations of each subject to the same defenses? 1 Am. & Eng. Enc. of Pl. & Pr. p. 556. We are of opinion that the second and last furnish the best tests by which to determine the matter before us, and we can safely say that, if the same testimony would not support the allegations in each of these pleas, and if the same defenses could not be interposed to each of them, they are not identical, and therefore the amended petition presents a new cause of action"—citing many Texas authorities.

[3] We are also of the opinion that the letters presented a good ground for excusing the appellant from appearing and defending in the suit. Jones v. Wootton (Tex. Com. App.) 228 S. W. 142; 23 Cyc. 918. It is held generally that a judgment should be vacated for "misrepresentation or tricks practiced upon defendant to keep him away from the trial or to prevent him from claiming his rights in the premises or setting up an available defense." 23 Cyc. 918.

[4] Appellee suggests in the brief that there was a want of parties to the suit to vacate for the reason that W. H. Carter, judgment defendant in cause No. 904, was not made a party to the proceeding to open the judgment. We believe there was a want of necessary parties, and for that reason remand the case for the purpose of joining the necessary parties. If all parties were before the court, we would feel inclined to set aside the judgment in cause No. 904, on the grounds discussed.

The judgment of the trial court is reversed, and the cause remanded for a new trial.