T. J. HUBBERT ET AL. v. TEXAS CENTRAL RAILROAD COMPANY.

Decided November 28, 1900.

**Appeal Bond—Name of Appellee.**

A bond payable to J. T. Hubbert was insufficient to perfect an appeal from a judgment in justice court recovered by T. J. Hubbert, and the appeal should have been dismissed.

APPEAL from the County Court of Hamilton County. Tried below before Hon. C. W. COTTON.

*J. W. Van Steenwyk,* for appellants.

*L. W. Campbell,* for appellee.

FISHER, CHIEF JUSTICE.—This suit originated in the Justice Court, where judgment was rendered in favor of T. J. Hubbert against the railroad company for the amount sued for. The railroad company appealed to the County Court and gave the plaintiff's name in the appeal bond as J. T. Hubbert, and he is the party to whom the bond is made payable. The judgment of the Justice Court in other respects is sufficiently identified in the appeal bond. Hubbert in the County Court made a motion to dismiss the appeal on account of the misdescription of the judgment, as pointed out.

We are of the opinion that the motion should have been sustained. The statute requires the party appealing to execute a bond payable to

his opponent, and unless we can say that J. T. Hubbert and T. J. Hubbert are the same persons, it is clear that this provision of the law has not been complied with. It is the right of the one successful in recovering judgment to have the statute complied with. The law requires the bond to be made payable to him, that is, to the person who recovers the judgment, and about this there ought not to be any uncertainty in the bond. The successful party ought not to be forced or required, if he should ever desire to sue on the bond, to produce evidence aliunde identifying him as the party who was meant and intended as the obligee mentioned in the instrument. Similarity of names is sufficient evidence of identity, and in such a case proof would not be required. In the absence of the full given name, the initials will be taken as the name, and if T. J. and J. T. could be given the same sound, they would be considered as meaning the same and would be sufficient on the question of identity; but T. J. and J. T. do not necessarily mean the same, nor do they have the same sound. Therefore, we are of the opinion that the County Court erred in not sustaining the motion to dismiss the appeal, and instructions are here given to that court to enter an order to the effect dismissing the appeal, accompanied with a writ of procedendo to the Justice Court.

*Reversed with instructions.*