## MARSH et al. v. TILLER.   (No. 3144.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 24, 1925.)

1. **Pleading** ⊜⇒214(1)—**Court, in passing on demurrer to petition, must assume that allegations therein are true.**

Court, in passing on demurrer to petition, must assume that allegations therein are true.

2. **Judgment** ⊜⇒143(17)—**Trial court erred in sustaining demurrer to petition to set aside judgment which alleged plaintiffs were induced to not appear and present defense by fraud of defendant.**

Where petition to set aside judgment by default alleged that defendant had promised plaintiff she would take no action until next term, and that they had good defense against part of recovery obtained, and relied upon agreement of defendant, trial court erred in sustaining demurrer to petition.

Appeal from District Court, Panola County; R. T. Brown, Judge.

Suit by J. E. Marsh and others against Mrs. Julia Tiller. From an order sustaining the demurrer to the petition and dismissing the suit, plaintiffs appeal. Reversed, and remanded for new trial.

As commenced by appellants J. E. Marsh and his wife, Mrs. Ethel Marsh, J. M. Hickey, and John Smith, by a petition filed August 20, 1924, this suit against appellee, Mrs. Julia Tiller, was to set aside a judgment by default rendered by the district court of Panola county April 1, 1924, it was alleged, in favor of said appellee against appellants Marsh and Smith for $3,536.67, the amount of a promis-

sory note, in favor of said appellee against J. O. Smiley and T. L. Ritter and appellants Hickey and Mrs. Marsh for $1,000, the amount of another promissory note, and in favor of said appellee against all the other parties mentioned foreclosing liens asserted by appellee on certain land and personal property to secure the payment of said notes. In a supplemental petition filed November 20, 1924, appellants Marsh and his wife alleged that, after this suit was commenced, to wit, on September 2, 1924, appellee had the land on which the judgment foreclosed a lien sold, and on September 11, 1924, by means of process issued on said judgment, had them ousted from the possession of the land. Said Marsh and wife alleged further that on September 15, 1924, said appellee had the personal property on which the judgment foreclosed a lien sold. They prayed, as in their original petition, that said judgment be set aside, and further that, if the personal property sold under the judgment as stated could not be returned to them, they have judgment against appellee for the value of same. J. O. Smiley, mentioned above as a party to said judgment, intervened in the suit by a petition filed February 23, 1925, in which he adopted the "pleadings and obligations of the plaintiffs J. E. Marsh, Mrs. Marsh, John Smith, and J. M. Hickey." T. L. Ritter, also mentioned above as a party to said judgment, was made a party to this suit, but it seems never filed pleadings as such. The appeal (by said Marsh and his wife and Hickey and Smith alone) is from a judgment sustaining a general demurrer to "plaintiffs' original and supplemental petitions," and dismissing the suit on the failure of the plaintiffs to amend said pleadings.

H. N. Nelson, of Carthage, and Charles E. Carter, of Marshall, for appellants.

Woolworth & Duran, and B. W. Baker, all of Carthage, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] We think the trial court erred when he sustained the demurrer to appellants' petition and dismissed the suit. Among other things, it was alleged in said petitions (1) that, before the convening of the April, 1924, term of the district court of Panola county, appellee agreed and promised appellants she would take no action in her suit then pending against them in said court before the October, 1924, term thereof; (2) that they had a good defense against part of the recovery appellee obtained against them, in that they had paid all but $2,793.27 of the amount due on the notes sued on; and (3) that they relied upon said agreement and promise of appellee, and were induced thereby to not appear and make said defense at said April term of said court. Assuming that the allegations were true, as the court should have done in passing on the demurrer, their

effect was to show that appellants, without fault on their part, were induced by fraud practiced upon them by appellee to not appear at the April term of the court and present a defense they had to a part of the recovery then obtained against them. We think there is no doubt appellants, on proof of such facts, would have been entitled to have the judgment in question set aside, and to a trial of appellee's suit on its merits. 15 R. C. L. 765, and authorities there cited; 34 C. J. 470, 473, and authorities there cited; Huddleston v. Texas Pipe Line Co. (Tex. Civ. App.) 230 S. W. 250; Jones v. Wootton (Tex. Com. App.) 228 S. W. 142; Wootton v. Jones (Tex. Civ. App.) 204 S. W. 237; Hester v. Baskin (Tex. Civ. App.) 184 S. W. 726; Montague v. Craddock, 128 Ark. 59, 193 S. W. 268. At the place specified in 15 R. C. L. it is said:

"One of the most frequently recurring forms of fraud on the part of one litigant against the other, entitling the latter to relief in equity against the judgment finally entered, is the making of some agreement or representation for the purpose of preventing an appearance or defense in the original action, and reliance upon which has had the effect intended. * * * The deception may be by a false promise or compromise, by fraudulently inducing an adversary to withdraw his defense, by representations that the defendant need not appear and that the suit will be dismissed on certain conditions, or by procuring the absence of one's opponent by a fraudulent representation that the cause will not be tried till a following term, and thus procuring such opponent's defeat."

The judgment is reversed, and the cause is remanded to the court below for a new trial.