## HONEY v. WOOD.

### No. 8838.

Court of Civil Appeals of Texas. San Antonio.

Feb. 3, 1932.

W. R. Blalock, of Mission, for appellant.

Griffin, Kimbrough & Cox, of McAllen, for appellee.

SMITH, J.

This appeal is from an order refusing to dissolve a temporary injunction. The injunction was granted without notice, and the motion to dissolve was overruled upon the bill and answer, and in the absence of any evidence.

It appears that on May 15, 1929, Conan T. Wood executed and delivered his promissory notes, payable to J. F. Honey and Chas. Williams, as part of the consideration of certain land in Hidalgo county, upon which the vendor's lien was reserved to secure payment of the notes. On June 5, 1931, upon default, Honey brought suit upon the notes and for foreclosure against Wood, and impleaded Williams as asserting some claim upon the title or lien upon the land. Service in that suit was duly had upon the defendants in time for the ensuing term of court, but the defendants wholly defaulted, and on September 9, 1931, judgment by default was duly and orderly rendered against them as prayed for. Neither defendant took cognizance of the judgment or made any motion for rehearing or to set the same aside at that term of court, which was adjourned on October 31, 1931.

In due course execution was issued and the land was levied upon and advertised to be sold on the first Tuesday in November, 1931, in satisfaction of the money judgment against Wood, and to foreclose Honey's lien as against both defendants. Before the sale date, however, Wood filed the present motion to set aside the judgment which had been rendered against him and for injunction restraining the advertised sale of the land thereunder. Temporary injunction was granted as prayed for, and Honey, the judgment creditor, having answered and traversed the bill for injunction, moved to dissolve the injunction, which motion was overruled upon inspection of the bill and answer. Honey has appealed from the order overruling his motion to dissolve.

■ We are of the opinion that the injunction was improperly granted and should be dissolved.

The diligence shown by appellee in protecting himself against rendition of the judgment against him and the enforcement thereof is alleged, in his motion to set aside judgment and for injunction, as follows:

"1. This defendant was served with citation in this cause soon after said citation issued and immediately thereafter, he employed the firm of Griffin, Kimbrough & Cox, practicing attorneys in this County, to represent him in said suit; that said attorneys immediately prepared an answer for defendant in this suit, mailed same to the District Clerk at Edinburg, Texas, said answer being deposited in the Post Office at McAllen, Texas, in an envelope, properly stamped and addressed to the Hon. L. C. Lemen, Clerk of this Court at Edinburg, Texas; that said answer was unintentionally lost or misplaced in the United States mail or in the office of said District Clerk and was never filed among the papers herein or, if filed, has been unintentionally lost or misplaced and is not now among the court papers in this suit.

"2. Neither this defendant nor his said attorneys had knowledge that said answer was not filed or was not among the court papers in this suit until long after judgment by default had been taken by the plaintiff against defendant and after order of sale had issued, directing the Sheriff or any Constable of Hidalgo County to seize and sell the property described in Plaintiff's Original Petition."

We hold these allegations to be insufficient to show appellee to be entitled to the injunctive relief prayed for. There is no allegation that he was deprived of his day in court by any fraud or deceit of appellant, or that he or his counsel exercised any diligence in presenting and prosecuting his defenses to the suit. It appears that neither he nor his counsel, all of whom reside in the county where the suit was pending, made the slightest effort to keep in touch with the progress or status of the suit, or to ascertain if his answer had been filed, or his case set, or passed or continued, or otherwise acted upon; whereas, the least inquiry, at any time over the period of five months intervening between the time he was served and the adjournment of the ensuing term of court, would have disclosed the true situation to him and them.

■ The true rule in actions to set aside judgments rendered at a closed term of court is that "the complaining party must distinctly allege and show, not only that he has a just defense to the action, but also that he was prevented from presenting such defense at the proper time by some fraud, accident, or mistake unmixed with negligence on his part." Merrill v. Roberts, 78 Tex. 28, 14 S. W. 254; Iron Works v. Chinn (Tex. Civ. App.) 49 S. W. 665; Wilson v. Woodward (Tex. Civ. App.) 54 S. W. 385; Drinkard v. Jenkins (Tex. Civ. App.) 207 S. W. 353; Homuth v. Williams (Tex. Civ. App.) 42 S.W.(2d) 1048.

Appellee did not meet this test.

The judgment will be reversed, and the injunction dissolved.