## OSTROM et ux. v. STATE.
### No. 3265.

Court of Civil Appeals of Texas. El Paso.
Dec. 5, 1935.

A. T. Folsom, of Wink, for plaintiffs in error.

H. E. Wassell, Co. Atty., of Wink, for the State.

HIGGINS, Justice.

The state of Texas brought this suit against "R. J. Ostrom and Mrs. Beulah R. Ostrom" and the Wink Townsite Company to recover delinquent taxes upon lots in the town of Wink. The petition does not allege any relationship between the Ostroms. Citation issued against J. R. Ostrom and Mrs. Beulah R. Ostrom. The return shows service upon the parties last named. Judgment by default was rendered against J. R. Ostrom and Mrs. Beulah R. Ostrom. The judgment describes Mrs. Ostrom as the wife of J. R. Ostrom. This writ of error is prosecuted by "J. R. Ostrom and Beulah R. Ostrom, husband and wife."

The petition complains of R. J. Ostrom. This is insufficient to support the judgment against J. R. Ostrom. Shook v. Laufer (Tex.Civ.App.) 84 S.W. 277; Watt v. Parlin & Orendorff Co., 44 Tex.Civ.App. 439, 98 S.W. 428; Hubbert v. Texas Cent. R. Co., 24 Tex.Civ.App. 432, 59 S.W. 292; Battle v. Guedry, 58 Tex. 111. In suits against the wife the husband must be joined. Article 1985, R.S.

The judgment describes Mrs. Beulah R. Ostrom as the wife of J. R. Ostrom, who was not named as a defendant in the petition. In the petition he is named as R. J. Ostrom. Such description in the judgment shows the court was advised of the coverture of Mrs. Ostrom and that her husband was not joined in the suit. This presents reversible error. Cruger v. McCracken, 87 Tex. 584, 30 S.W. 537; City of Dallas v. Morris, 120 Tex. 181, 36 S.W. (2d) 702; Taylor v. Hustead & Tucker (Tex.Com.App.) 257 S.W. 232.

Other errors complained of need not be considered as the matters to which they relate should not recur upon retrial.

Reversed and remanded.