### BRECHEEN et ux. v. STATE.
### No. 3264.

Court of Civil Appeals of Texas. El Paso.
Jan. 2, 1936.

A. T. Folsom, of Wink, for plaintiffs in error.

H. E. Wassell, Co. Atty., of Wink, for the State.

PELPHREY, Chief Justice.

This is a suit for taxes alleged to be delinquent on property in the town of Wink, Tex. The original petition was filed on March 25, 1933, and named "C. L. Brecheen and wife" as the defendants. A recovery was sought for the years 1930 and 1931 only, and Brecheen and wife were alleged to be the record owners. Citation was issued and served on C. L. Brecheen alone. This citation commanded the officer to summon C. L. Brecheen and wife, but did not name her. On January 18, 1934, an amended petition was filed in which "C. L. Brecheen and wife, Mrs. C. L. Brecheen" were named as defendants. In this petition a recovery for the years 1930, 1931, and 1932 was sought, and C. L. Brecheen and wife, Mrs. C. L. Brecheen, were named as the record owners of the property. Subsequently a citation was issued in which the officer was commanded to serve only Mrs. C. L. Brecheen, and it was so served.

Neither of the parties appearing, a joint and personal judgment by default was rendered for the amount of the taxes alleged to be due for the years 1930, 1931, and 1932, together with interest and penalty.

From such judgment an appeal by writ of error has been perfected.

### Opinion.

Plaintiffs in error present only one assignment of error, while defendants in error have filed no brief.

260

Plaintiffs in error attack the judgment because of the alleged insufficiency of the citations served upon them. They claim that the citation served upon C. L. Brecheen was insufficient to sustain a default judgment against him because Mrs. Brecheen's name did not appear in either the petition or the citation, and that, the record showing that Mrs. Brecheen is the wife of C. L. Brecheen, and he not being before the. court, the judgment against her cannot stand.

The record here reveals that both parties were the record owners of the property at the time this suit was filed. As such, it was necessary that they be made parties defendant in the suit and cited. The citation reciting C. L. Brecheen and wife was insufficient to sustain a judgment by default against Brecheen. Article 2022, R.S.1925; Temple Lumber Co. v. McDaniel et ux. (Tex.Civ.App.) 24 S.W. (2d) 518, and cases cited.

It is also necessary to join the husband in a suit against the wife. Articles 1984 and 1985, R.S.1925; 23 Tex.Jur. § 287, pp. 333, 334, and 335.

There being no service shown sufficient to support a judgment by default against C. L. Brecheen and he not being before the court, the default judgment against both parties must be reversed and the cause remanded, and it is so ordered.