## TWIN CITY LUMBER & SHINGLE CO. v. WILLIAMS et al.

### No. 3570.

Court of Civil Appeals of Texas. El Paso.

Nov. 18, 1937.

Rodgers & Rodgers, of Texarkana, for plaintiff in error.

King, Mahaffey & Wheeler, of Texarkana, for defendants in error.

NEALON, Chief Justice.

This is a suit upon promissory note for $1,240 dated June 30, 1931, due 60 days after its date, payable to plaintiff in error, Twin City Lumber & Shingle Company, and executed by defendants in error, Gloria Olivia Williams, also sometimes known as Gloria Mays Williams, joined pro forma by her husband, A. S. Williams, and by Mrs. Belle Moore. Mrs. Moore is the mother of Mrs. Williams. Both were married women at the time the note was made and delivered to plaintiff. Mrs. Williams has since been divorced from her husband. Mrs. Moore pleaded and testified that she was a married woman at the time of the execution of the note and at the time of filing her answer.

The note was given to cover the balance due upon an account for building material purchased from plaintiff in error to be used in the construction of an improvement upon land situated in Miller county, Ark., title to which stood in the name of Mrs. Williams. Representatives of plaintiff in error testified that they thought the land belonged to Mrs. Moore at the time they extended credit, and that Mrs. Moore represented that the land was free of lien. The credit was extended to Mrs. Moore. It thereafter developed that record title was in Mrs. Williams, and that there were one or more contract liens against the property of record. Plaintiff thereupon requested the note sued upon.

Mrs. Williams testified that though the title to the land stood in her name, and that at her mother's request she had executed liens affecting it, the land had been bought and paid for by Mrs. Moore and belonged to Mrs. Moore. Mrs. Moore testified to the same state of facts, but in her defensive pleading alleged affirmatively that the note was for lumber sold and money advanced for the purpose of erecting a building or buildings on certain land situated in Miller county, Ark., not owned by her.

Mrs. Williams in her pleading invokes the doctrine of estoppel upon the theory that plaintiff in error, by filing a suit in Arkansas to foreclose its materialman's lien, precipitated a foreclosure proceeding upon the part of the Building & Loan Association, the beneficiary in the deed of trust, with the result that she lost all right, title, or interest that she might have had in the property. Coupled with this allegation she denied that she had any title to the property.

As stated, Mrs. Moore pleaded nonliability on account of coverture, as did Mrs. Williams. Mrs. Williams also pleaded want of consideration, res judicata by reason of the foreclosure of the materialman's lien in Arkansas, and estoppel by election of remedies; the alleged election being that in the Arkansas suit plaintiff in error declared upon the original open account instead of the note. Among other theories upon which plaintiff in error sought recovery was that in making the purchase and incurring the debt Mrs. Moore was the undisclosed agent of Mrs. Williams, and that in making the note Mrs. Williams, with knowledge of what had been done, ratified and affirmed the acts of Mrs. Moore, and obligated herself to pay the purchase price of the material furnished.

In the Arkansas suit the Citizens Building & Loan Association was impleaded. There was neither personal service upon any of the defendants in the instant suit nor appearance by any of them. Service was by publication. A decree was entered awarding plaintiff in error a second lien upon the property, this lien being subject to the first lien of the Building & Loan Association; foreclosure of all liens was decreed; a commissioner was appointed to sell the property; it was sold to plaintiff in error for the amount of the first lien and costs. It does not appear what value, if any, the property possessed above the lien secured by the first lien.

The court rendered judgment for defendants, and the plaintiff sued out and perfected its writ of error, which is now being urged.

## Opinion.

■■ Neither findings of fact nor conclusions of law were filed. Therefore, if it appears from the record under any theory of the case that the judgment was correct, it must be affirmed. Mrs. Moore testified that she was the wife of J. H. Moore at the time the contract was entered into and at all times since, though at the time of the trial in January, 1936, they had been separated about a year. J. H. Moore was not sued. Article 1985, R.C.S., requires that the husband shall be joined in suits for separate debts and demands against the wife. Taylor et al. v. Hustead & Tucker (Tex.Com.App.) 257 S.W. 232, is authority for the proposition that a judgment by default against a married woman on a contract made by her alone during coverture without her husband being joined in the suit is voidable, at least, and is subject to be vacated in a direct proceeding for that purpose, as the statutory provisions cannot be waived by her defaulting. City of Dallas v. Morris, 120 Tex. 181, 36 S.W.2d 702; Ostrom v. State (Tex.Civ. App.) 88 S.W.2d 1084; Brecheen v. State (Tex.Civ.App.) 89 S.W.2d 259. It cannot be held that the trial court erred in refusing to enter a voidable judgment; and, therefore, the judgment must be affirmed as to Mrs. Moore.

■ If the property were the separate estate of Mrs. Williams, she would be liable upon the note, since the original contract would be for the benefit of her separate estate. Article 4614, R.C.S., as amended by Acts 1929, c. 32, § 1 (Vernon's Ann.Civ.St. art. 4614); Levin v. Jeffers, 122 Tex. 83, 52 S.W.2d 81. However, Mrs. Williams pleaded and testified that the property did not belong to her but to her mother, Mrs. Moore. To like effect was the testimony of Mrs. Moore. The credibility of these witnesses and the weight to be attached to their testimony were matters committed to the determination of the trial court. In deference to the judgment of that court we must presume that it found that the actual ownership of the property was in Mrs. Moore, and that Mrs. Williams held merely the naked legal title. Under such findings judgment may not be rendered against Mrs. Williams upon the theory that the contract was for the benefit of her separate property; and, since the original credit was extended to Mrs. Moore, and all deliveries had been made prior to the execution of the note and prior to the discovery by plaintiff that legal title was in Mrs. Williams, the latter is not estopped from urging the defense that she did not enter into the contract for the benefit of her separate estate.

■ Nor can recovery be had against Mrs. Williams upon the theory that she was surety upon the obligation of Mrs. Moore, and, therefore, liable under the implied holding in Red River National Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923, since no

judgment can be rendered against the alleged principal (R.S. art. 1986) and none of the exceptions enumerated in article 1987, R.C.S., are applicable.

Plaintiff in error's assignments of error are overruled.

The judgment of the district court is affirmed.