## HOLMES v. JACKSON.

No. 2704.

Court of Civil Appeals of Texas. Waco.

Feb. 13, 1947.

Rehearing Denied March 13, 1947.

J. S. Simkins and Joe E. Anderson, both of Corsicana, for appellant.

W. W. Mason, of Mexia, and Bradley & Bradley, of Groesbeck, for appellee.

LESTER, Chief Justice.

The appellant and appellee, prior to March 2, 1943, were husband and wife. On said date appellant secured a divorce in the 77th District Court of Limestone County from appellee and in the decree she was awarded the care and custody of their minor son, who was at that time about five years of age.

The record reveals that in the early part of 1942, appellee filed in said District Court

of Limestone County a suit for divorce. In his petition he alleged many acts of misconduct upon the part of his wife and asked for the care and custody of their minor child. Appellant, on July 16, 1942, filed a cross-action in said suit, in which she alleged improper relations existing between appellee and another woman. She prayed that she be granted a divorce and also that she be awarded the care and custody of their minor child. Shortly thereafter they reached a reconciliation by agreeing that they would move to Indiana and start over again, with the understanding that the appellee would dismiss his suit for divorce and that appellant would dismiss her cross-action. Appellee dismissed his suit but appellant failed to dismiss her cross-action as she had agreed to do, such failure being unknown to appellee. He went to Indiana and secured employment in a war plant. Shortly thereafter he sent money back to defray the expenses of his wife and child for their trip to where he was then located. Upon their arrival they resumed their relationship as husband and wife and lived together as such for a period of about three weeks, when they had a misunderstanding concerning the woman whose name appellant had alleged in her cross-action. This resulted in appellant and their child coming back to Texas, and on November 10, 1942, she filed in the same suit an amended cross-action, setting up for divorce the same ground she had alleged in her original cross-action, and praying for divorce and for the care and custody of their child. Without securing any service of process upon the amended cross-action, on March 2, 1943, appellant was granted a divorce and the care and custody of their minor child was awarded to her.

On May 9, 1946, appellee filed a petition in the 77th District Court of Limestone County which he designated a "petition for custody of child," in which he set up changed conditions since the decree was entered, and alleged that by reason of such changed conditions the best interests of the child required that its custody should be awarded to him.

Appellant, on June 10, 1946, filed a formal plea of privilege and prayed that said proceeding be transferred to Navarro County, Texas, the place of her residence. She also filed, on the same date, subject to her plea of privilege, a plea in abatement, setting up her coverture and praying that said suit be abated and dismissed on the ground that she was then a married woman, being married to Sam Holmes.

On June 11, 1946, appellee filed his amended petition in said cause, in which he alleged that he had in his original petition for divorce alleged as ground therefor illicit relations on the part of his wife with other men; that she urged him to dismiss his suit for a divorce and agreed that she would dismiss her cross-action and that she would go with him to Indiana where he had a job in a war plant and they would start anew, which he agreed to do; that within a few weeks she took the child and returned to Limestone County and filed a cross-action against him; that he was frozen on the job at which he was working and could not leave except by special permission and the divorce had been granted before he was able to come to Texas, for which reason he did not interpose any defense to the allegations set out in his wife's cross-action, all of which were untrue; that said promise on the part of his wife to dismiss her cross-action was made with a false intent and purpose of getting plaintiff out of the state of Texas and having him dismiss his suit, constituted fraud upon the court, and that all the allegations in her cross-action, if any she had, had been condoned by her living with the appellee in Indiana; that the judgment awarding to her the custody of the child was obtained through fraud practiced upon appellee and the court and should be set aside because of such fraud and the custody of the child awarded to him. Appellee also pleaded, in the alternative, changed conditions since the granting of the divorce, and prayed that the custody of the child be awarded to him in event his allegations of fraud were not sustained.

On June 17, 1946, appellee filed his affidavit controverting appellant's plea of privilege, alleging that this suit was a proceeding making a direct attack upon a judgment of said court entered at a previous term, and asking that that part of said judgment in which the care and custody of the child was awarded to appellant be set aside on the

ground of fraud which was perpetrated upon appellee and upon the court; making his amended petition a part of said controverting affidavit for all purposes.

On July 6, 1946, appellant and appellee appeared in person, together with their respective attorneys, and proceeded to trial on the plea of privilege, which the court overruled.

Appellant's first point is: "There being absolutely no evidence of extrinsic fraud on the part of appellant offered before the trial court, the trial court was clearly in error in overruling appellant's plea of privilege."

■ The rule is that where a party has a cause of action or a defense which is meritorious and, without negligence on his part, has been prevented from presenting his cause of action or making a valid defense by misrepresentations or misconduct of the opposite party, he may have the whole judgment or a part thereof set aside after the expiration of the term at which it was rendered, where such failure to appear was the result of reliance upon a representation on the part of the opposite party that the case would be dismissed, especially where the promise was made with a design to cheat and deceive and the party had no intention at the time of performing it. Wootton v. Jones, Tex. Civ.App., 204 S.W. 237, which was affirmed by the Commission of Appeals and approved by the Supreme Court in 228 S.W. 142; Trammell v. Trammell, Tex. Civ.App., 80 S.W. 119; Keller v. Young, Tex.Civ.App., 186 S.W. 405; Marsh v. Tiller, Tex.Civ.App., 279 S.W. 283.

■ There is no rule of law any firmer rooted in our jurisprudence than the one that requires a bill of review, when brought as a direct attack upon a judgment, that it be brought in the court in which such judgment was entered. This is true whether by bill of review or by injunction. Halbrook v. Quinn, Tex.Civ. App., 286 S.W. 954; Carey v. Looney, 113 Tex. 93, 251 S.W. 1040; Oetting v. Mineral Wells, Tex.Civ.App., 262 S.W. 93; Cotulla State Bank v. Herron, Tex.Civ. App., 218 S.W. 1091; 25 Tex.Jur., sec. 230, p. 647.

The case of McCook v. Amarada Petroleum Corporation, Tex.Civ.App., 73 S.W.2d 914, holds that the district court rendering partition judgment had exclusive venue and jurisdiction as a matter of law of a suit in equity to vacate such judgment, though the land was located in another county; that it was unnecessary for plaintiff to file affidavit controverting defendant's plea of privilege; that the court will look to the plaintiff's petition and determine the nature of the cause of action solely as a matter of law and that a demurrer to the defendant's plea of privilege was sufficient.

The case of Yates v. State, Tex.Civ. App., 3 S.W.2d 114, was a suit brought in the District Court of Travis County by the Attorney General of the State in trespass to try title for recovery for the public school fund of an undivided 15/16ths interest in the oil and gas estate in sold public school lands situated in Pecos County. None of the defendants resided in Travis County and each filed formal plea of privilege, which were not controverted by the State. It was held that since Article 5420 of Vernon's Ann.Civ.Stats. fixes the venue of such suits in Travis County, the question of venue in said cause was a matter of law to be determined by the plaintiff's pleadings as to the nature of such suit, and that there was no issue of fact involved; that it was the duty of the court to look to the pleadings, and if the pleadings came within the purview of said article, then it was the duty of the court as a matter of law to overrule said plea of privilege.

The case of Oil and Products of Oil in Certain Pits in Gregg County v. State, Tex.Civ.App., 118 S.W.2d 618, was a suit in rem by the State of Texas to confiscate certain oil as illegal oil. Said suit was instituted under the provisions of Article 6066a, section 10(b), which fixes the venue of such suits in Travis County. One of the defendants filed a formal plea of privilege to be sued in the county of his residence. It was held that where venue is fixed by law, the question of whether suit may be maintained in a given county is one of law and a formal plea of privilege tenders no issue of fact, in the absence of an allegation that the nature of the suit

was fraudulently or falsely characterized to show local venue. In suits for the recovery of land and damages thereto, etc., the venue is fixed by subdivision 14 of our venue statutes. It has been held many times that in such suits the court will determine the nature of the suit from the plaintiff's pleadings, and the only issue of fact to be determined upon the hearing of a formal plea of privilege is where the land is located. If it is admitted by the parties that the land, or a part of same, is located in the county in which the suit is brought, or same is established by evidence in the case, then as a matter of law the venue is fixed in that county. The plaintiff in such case does not, on hearing of the plea of privilege, have to prove that his land was in fact damaged; such issue is to be determined in the trial upon the merits of the main suit. Cox et al. v. Chapa, Tex.Civ.App., 188 S.W.2d 217; Cox et al. v. Palacios, Tex.Civ.App., 188 S.W.2d 688; Tennessee Gas & Transmission Co. v. Heard, Tex.Civ.App., 190 S.W.2d 518.

So, this case being a direct attack upon a judgment rendered by the court for the purpose of vacating a part of said judgment on the alleged ground of fraud, and said court having exclusive venue and jurisdiction to entertain the same, the question as to venue becomes a matter of law to be determined by the court from the allegations in appellee's amended petition, and the filing by appellant of her formal plea of privilege, though in due form, created no issue of fact in this case. We have no doubt but that the court could take judicial knowledge of its judgments and records involved in this proceeding. Griffith v. Tipps, Tex.Civ. App., 69 S.W.2d 846; 17 T.J. 201, secs. 27, 28 and 29; Hobbs v. Boyd, Tex.Civ. App., 292 S.W. 947, 949; Republic Supply Co. v. Weaver, Tex.Civ.App., 235 S.W. 684. But if there be any doubt about the authority of the trial judge to take judicial knowledge of the records and proceedings herein involved, the appellee introduced in evidence all the pleadings and the judgment in the original suit. Appellant's point No. 1 is therefore overruled.

Appellant's fifth point is: "The trial court should have sustained appellant's plea in abatement setting up that she was a married woman at the time of the institution of this suit, and the trial court was in error in refusing to sustain it."

The record does not show that the plea in abatement was ever called to the attention of the court or that the court made any ruling whatsoever on the plea. However, we do not hold that appellant waived her right to have her husband made a party to this suit by such failure. As heretofore shown, appellant filed her plea in abatement subject to the plea of privilege. In said plea in abatement she alleged that she was then a married woman and that her husband was named Sam Holmes, but she did not give any information in regard to the whereabouts or residence of her husband. Appellee answered under oath that the residence of Holmes was to him unknown. The record reflects that within about four months after securing her divorce from appellee, appellant married Holmes. She lived with him for several months and then divorced him. Later she married a man by the name of Shivers, whom she divorced and re-married Holmes. She then divorced him again and re-married Holmes the third time, and the date of trial she was separated from him and had a divorce suit pending against him in Navarro County, Texas. We do not believe, under the circumstances existing in this cause, that Holmes was a necessary and indispensable party to the plea of privilege proceeding, and we do not believe that the rights of Holmes or his wife were in any manner prejudiced by the court's overruling the plea of privilege without the said Holmes being made a party to such proceeding prior to the hearing of the same, since the court entered the only order it was proper to enter in said proceeding. We know it to be the general rule that where a married woman is sued and pleads her coverture, then it becomes incumbent upon the plaintiff to make her husband a party to the suit. Article 1985 of Vernon's Ann.Civil Stats. makes this requirement in that it provides: "The husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband." This has been the law for the last hundred years. The theo-

ry upon which this rule is based is that the wife is entitled to the counsel and aid of her husband in making her defense. It has been held by the decisions of our courts that in case of the husband's insanity he does not have to be made a party defendant; also that in event the husband has permanently deserted his wife and has absconded the realm he does not have to be made a party. But the mere separation of the husband and wife does not give the party a right to proceed against the wife without the joinder of her husband without bringing himself clearly within the exceptions, which the burden is upon him to allege and prove. Taylor et al. v. Hustead & Tucker, Tex.Com.App., 257 S.W. 232. Since this case is yet to be tried upon s merits, we will make this observation in respect to this feature of the same: The appellee in this case filed under oath the allegation that the residence of the husband was to him unknown, and he also testified to that effect, but we do not think that alone would relieve the appellee in this case from making the husband a party to this suit. The evidence showed upon the hearing of the plea of privilege that he is within the jurisdiction of the court, now residing in Houston, Harris County, Texas. The record shows that appellant and her husband have been separated many times and have evidently reconciled their differences on different occasions, and from such facts it is not improbable that they have already again done so or will do so in the future.

Rhoades v. Fredwell, Tex.Civ.App., 192 S.W.2d 295, was a suit brought by a former husband against his former wife for the care and custody of the children, his wife having married again. The wife, upon his filing the suit, filed a plea in abatement, setting up the fact that she was then married, and requested that the suit be abated or dismissed for the misjoinder of parties. The former husband refused to make her husband a party to the suit and the court dismissed the proceeding. Judge Blair, for the Third Court of Civil Appeals, wrote the opinion, in which it held that the rule requiring the husband to be sued with the wife guarantees to the wife the right that in all suits against her the husband shall be also sued to the end that

he may aid, protect, assist and give counsel to her in the defense of the suit, which in that case would be in defense of her right to the custody of her minor children of a former marriage; that this right is not a personal one to the wife that may be waived by her, but is also a statutory right of the husband to be heard before a judgment may be rendered against the wife. City of Dallas v. Morris, 120 Tex. 181, 36 S.W.2d 702; Taylor v. Bonnett, 38 Tex. 521; Mecom v. Vinton, Tex.Civ.App., 191 S.W. 763. The opinion [192 S.W.2d 297] also held "[that] the future happiness of the wife and her present marital relationship may reasonably depend upon her present husband's aid in the support and care of her minor children of the former marriage, and of his assistance to her in the defense of this suit to deprive her of their custody. [That] the interest of the stepfather in the minor children of his wife by a former marriage could be shown on the trial of the issue as to their custody by the mother. Manifestly his interest or attitude toward such children might be of possible or great aid to the trial judge in the determination of the custody issue." It also held that the stepfather had an interest in said children, and in point 5 of the opinion holds that: "In consequence of our foregoing conclusions and the facts of the instant case we think that the question of whether the present husband of appellee should have upon her plea of coverture been made a party defendant, was one largely resting within the sound discretion of the trial judge," and upheld the trial judge's ruling in sustaining the plea in abatement and dismissing the proceeding; but if the trial court had overruled the plea in abatement instead of sustaining the same, we have no doubt but that the court would have held that the trial court abused its discretion. Taylor et al. v. Hustead & Tucker, Tex.Com.App., 257 S.W. 232; Twin City Lumber & Shingle Co. v. Williams, Tex.Civ.App., 110 S.W.2d 596; Ostrom v. State, Tex.Civ.App., 88 S.W.2d 1084; Holiday v. Holiday, Tex. Civ.App., 19 S.W.2d 127.

We have considered the other points of error assigned by the appellant and overrule the same. The judgment of the trial court is affirmed.