**MOHAMMED et al. v. MALDONADO.**

**No. 2822.**

Court of Civil Appeals of Texas.
Tenth District. Waco.

Oct. 21, 1948.

Rehearing Denied Nov. 24, 1948.

Joe Burkett and Herman G. Nami, both of San Antonio, for appellants.

Heck & Street, of San Antonio, for appellee.

LESTER, Chief Justice.

This is an appeal from a temporary injunction granted by the trial court restraining the sheriff of Bexar County and the appellant from advertising and selling the property of appellee to satisfy a default judgment rendered in favor of the appellant and against the appellee at a previous term of the court. Said suit was on an unliquidated demand.

Appellee brought suit to set aside said judgment and prayed for and secured the above mentioned order based upon the ground that he was prevented from presenting his defense to the former suit by the alleged fraud of the appellant's attorney. In the former suit the appellant, who was plaintiff, secured an order restraining the appellee from molesting the appellant. Said order, with a copy of the plaintiff's original petition, was served upon the appellee. On the date set for the hearing on the restraining order the appellant and his attorney and the attorney for appellee met in court and there agreed that the restraining order should remain in force until further ordered by the court. Appellee alleges that it was also agreed by said attorneys at said place and immediately after said hearing was concluded that appellee's attorney would not be required to file an answer on or before appearance day, unless notified by the appellant's attorney, to any citation that had been issued or to any citation that was to be issued in said cause; that appellee's said attorney would file an answer before the case would be tried on its merits, and that appellant's attorney would notify appellee's attorney of the setting of the case and of any other steps he, the said appellant's attorney, would take to litigate the alleged cause of action; that a few days thereafter the appellee was served with citation in the original cause, which he delivered to his attorney, but said attorney, relying upon appellant's attorney's agreement, did not file an answer in said suit, whereupon appellant's attorney took judgment by default for the sum of $2000.00 without the appellee or his attorney knowing anything about said trial and without being notified by the appellant's attorney of his intention to take said default judgment; that the obtaining of said judgment in the aforesaid manner was a fraud upon the appellee, and it was only through these fraudulent inducements of appellant's attorney, upon which appellee's attorney relied to the detriment of his client, that the appellee was prevented from presenting his meritorious defense to said cause; that had appellee or his attorney been advised, in compliance with the afore-mentioned agreement between the said attorneys, of the action to be taken by the appellant and his attorney, then appellee's attorney would have filed an answer in order to bring the cause to trial in the manner contemplated; that the judgment was unconscionable in that the appellee had a good and meritorious defense to the cause of action presented in the petition of the appellant Mohammed. Appellee further alleges that he knew nothing of the judgment until he was notified by the sheriff that his property was to be levied upon and sold in satisfaction of the same.

The appellant filed his plea in abatement and asked that the suit be abated and dismissed (1) because it affirmatively appears from the appellee's amended petition that the purported agreement by and between counsel was an oral agree-

ment, not in writing and not entered of record, and therefore under Rule 11, Texas Rules of Civil Procedure promulgated by the Supreme Court of Texas, such agreement, if any, cannot and will not be enforced; and (2) because it affirmatively appears from paragraph 5 of appellee's amended original petition that after said alleged agreement was made on July 3, 1946, the appellee was served with citation in said cause on July 25, 1946, and was put on notice that said suit must be answered within the time required in said citation, and that the said appellee, of his own volition and by the neglect of himself and his said attorney, failed to answer said citation and suit and that default judgment was entered therein on August 22, 1946. Subject to said plea in abatement, the appellant filed his unsworn answer denying the alleged agreement.

The court overruled the plea in abatement and granted a temporary injunction restraining the sale. Appellant's first proposition is that the court erred in overruling his plea in abatement.

■ It is the well settled law of this state that the courts will grant relief to a party from a judgment entered at a previous term when he has been prevented from presenting his defense as the result of extrinsic fraud on the part of the opposite party or his attorney. This must be done in a suit making a direct attack upon said judgment. In addition to alleging and proving such fraud and that the same prevented him from making his defense, he also must allege and prove that he has a meritorious defense and that the judgment was entered without negligence on his part. Jones v. Wootton, Tex.Com.App., 228 S.W. 142; Marsh v. Tiller, Tex.Civ. App., 279 S.W. 283; Keller v. Young, Tex.Civ.App., 186 S.W. 405; Holmes v. Jackson, Tex.Civ.App., 200 S.W.2d 276; Tex.Jur., Vol. 25, p. 604 et seq., secs. 200 and 201.

■ It is clear from the record that the agreement and representation alleged to have been made were oral and were never reduced to writing and signed by the respective attorneys, nor were they made in open court and entered of record. Appellant does not cite any case that goes so far as to hold that where a party or his attorney has lulled another into a sense of security by fraudulent representations and promises and gained an unconscionable advantage of such party by preventing him from making a valid defense to the cause of action asserted against him, that he should be protected under the provisions of Rule No. 11 because the opposing attorney did not require such promises to be reduced to writing and signed or have the same entered of record, and we are not inclined to do so. We are of the opinion that said rule is not applicable to the facts alleged in appellee's suit to vacate said judgment but it is a case in which equity may be invoked. The appellee has alleged a meritorious defense to the appellant's cause of action, and if believed by the trier of facts, would be a complete bar thereto. Appellant also contends that the appellee's attorney was negligent as a matter of law in not requiring the agreement to be reduced to writing and signed, or not having it entered of record. We do not believe that an attorney should be held negligent as a matter of law for relying upon the agreements of his brother lawyer. Appellee's pleadings are clearly sufficient to create an issue of fact as to his diligence. Therefore, the above assignment is overruled.

Appellant also objects to the action of the court in overruling his special exceptions to appellee's pleadings, which are in substance the same as set up in his plea in abatement. Of course we do not know whether the case will be tried on the same pleadings or on amended pleadings, but if tried upon the same pleadings as were on file at the time the plea in abatement was presented, what we have said disposes of such exceptions.

Finding no reversible error, the judgment of the trial court is affirmed.