Exceptions pertinently pointing out this error were reserved to the charge.

Most of the other questions will not likely arise upon another trial and, for that reason, are not discussed.

For the error pointed out, the judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

**HURST v. HURST et al.**

No. 2835.

Court of Civil Appeals of Texas. Waco.

Feb. 3, 1949.

Woodrow F. Eason and Frank B. Brooks, Jr., both of Waco, for appellant.

John B. McNamara, of Waco, for appellees.

HALE, Justice.

This is an appeal from an order setting aside a default judgment. Appellant instituted an action in trespass to try title on August 7, 1945, against his mother, brothers and sisters, seeking to recover title to and possession of 62½ acres of land. After some of the defendants had been served with citation the attorneys for the respective parties to the suit agreed in substance that no further citations need be issued or costs incurred at that time upon the further understanding that the attorney for the defendants would file an answer for all of them and try the case on their behalf at such time as might thereafter be agreed upon if a satisfactory disposition was not otherwise made of the case. In July of 1946 appellant secured another attorney to represent him in his pending suit. Additional citations were then issued and served upon some of the defendants who had not been previously served and on October 2, 1946, judgment by default was rendered against appellees without any notice to their attorney.

Appellees instituted the present suit in the nature of a bill of review against appellant on September 7, 1947, seeking to have the default judgment set aside and to have a decree entered in lieu thereof vesting the title to the 62½ acres in appellant and appellees jointly as heirs at law of their deceased parents. In their extensive petition they alleged facts tending to show they were entitled to the equitable relief sought. Appellant answered their suit with a general denial only. The issues thus joined by the pleadings were regularly tried by the court below without a jury and the trial resulted in judgment for appellees.

In his brief appellant says the judgment appealed from should be reversed because the trial court erred in holding (1) that the default judgment was procured in violation of an agreement between the attorneys in the cause; (2) that such judgment was so procured without negligence on the part of appellees; and (3) that appellees had a meritorious defense to the cause of action upon which the default judgment was based. Under his fourth point appellant says the trial court erred in permitting the case to go to trial in the nature of a bill of review because appellees' only remedy against the consequences of the default judgment was to have the same reviewed by writ of error.

As we understand appellant's contention he does not question the fact that his first attorney, acting with his knowledge and consent, actually made the asserted agreement with the attorney for appellees, but he says such agreement was and is unenforceable and therefore immaterial in the present suit for any purpose because it was not reduced to writing, signed and filed with the papers as a part of the record in the prior suit as required by Rule 11, Texas Rules Civil Procedure. We cannot agree with this contention. Even though the agreement was not legally enforceable because not reduced to writing, we think it was highly material as cogent evidence of the fact that appellees and their attorney were not negligent in suffering a default judgment to be entered. To deny appellees any relief in the present suit merely because the stipulation in the prior suit had not been reduced to writing would in effect permit appellant to retain an unconscionable benefit acquired solely through

his own wrongful conduct, contrary to well recognized principles of equity. Tex.Jur. Vol. 25, p. 604, Sec. 200 and Vol. 39, p. 293, Sec. 14; Mohammed v. Maldonado, Tex. Civ.App., 214 S.W.2d 896, er. ref. N.R.E.

█ Appellant's claim to ownership of the entire 62½ acres of land in controversy seems to be based upon his contention that the land was conveyed to him by deed from Sypert and Shelton dated October 26, 1916. This deed showed the grantee therein to be "J. L. Hurst". Appellant's full name is "Joseph Lee Hurst" and his father's full name was "John Lee Hurst". Upon the trial of this case appellees introduced seven witnesses. Appellant did not testify or offer any witness on his behalf. The evidence adduced on behalf of appellees showed that John Lee Hurst was the intended grantee in the deed dated October 26, 1916, that he executed the notes which were given in part payment for the land therein conveyed, that he later paid off the notes and that appellant had nothing to do with the transaction. Hence, the evidence was amply sufficient to show, if it did not show conclusively, that appellees had a meritorious defense against appellant's asserted claim to ownership of the entire 62½ acres.

█ The pleadings and evidence show that neither the appellees nor their attorney discovered the fact that a judgment by default had been rendered until after the expiration of the term of court at which the same had been entered. It was then too late, under the ordinary rules of procedure, to have the judgment set aside upon a motion for new trial showing the true circumstances under which the judgment had been rendered. No relief could have been granted on a review of the judgment by writ of error because the record upon which the judgment was based did not show any ground for relief. Therefore, appellees had no adequate remedy at law against the unjust consequences of the default judgment. Furthermore, appellant made no objection in the court below to the nature of appellees' suit, to the sufficiency of their pleadings or to the character of relief there sought. Under the circumstances shown by the record we cannot say the

trial court erred in entertaining appellees' suit as a direct proceeding in the nature of a bill of review, or in granting them the relief sought. Tex.Jur.Vol. 25, p. 584, Secs. 184 and 185; Jones v. Wootton, Tex.Com. App., 228 S.W. 142; Marsh v. Tiller, Tex. Civ.App., 279 S.W. 283; Elder v. Byrd-Frost, Inc., Tex.Civ.App., 110 S.W.2d 172; Holmes v. Jackson, Tex.Civ.App., 200 S.W. 2d 276, Pt. 1.

Accordingly, all of appellant's points are overruled and the judgment of the trial court is affirmed.