**L. O. GLEASON, d/b/a Alice Pipe and Supply Co., Appellant,**

v.

**Wesley DAVIS, d/b/a Davis Well Service, Appellee.**

No. 12802.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 16, 1955.

Rehearing Denied in Part and Granted in Part March 16, 1955.

Rehearing Denied April 13, 1955.

Lon D. Herbert, Alice, for appellant.

Kelley, Looncy, McLean & Littleton, Sidney L. Farr, Ralph L. Alexander, Edinburg, for appellee.

POPE, Justice.

The trial court, after term time and in a proceeding by way of bill of review, set aside a former default judgment and enjoined a levy of execution.

L. O. Gleason, doing business as the Alice Pipe and Supply Company, took a default judgment against Wesley Davis, doing business as Davis Well Service, in April of 1954, for the sum of $2,509.50. The judgment was for non-payment by Davis of the rent on a pump and 1601 feet of drill pipe that Davis had previously ordered delivered to him in Bexar County. In this proceeding to set aside the default judgment, Davis proved that he was served with process on March 19th, that he filed no answer, that he learned of the default judgment, for the first time, on May 25th, after the term of court expired, and that he filed this suit four days later.

Davis upon the trial of that suit unquestionably proved a meritorious defense. Davis' failure to file an answer is based upon a telephone conversation between his agent, G. B. Finch, and some unknown lady. On the basis of that conversation, the trial court found as a fact that Gleason's agent told Finch that Gleason was dead, and that someone from Gleason's place of business would contact Davis about the lawsuit. The court concluded that Davis'

failure to file an answer was the result of mistake and accident induced by the acts and misrepresentations of defendant, Gleason, and his agent, or by someone Davis thought was Gleason's agent.

We have read the entire statement of facts and are of the opinion that the findings and conclusions are unsupported by the evidence. After Davis was served, his agent, Mr. Finch, consulted an attorney in San Antonio, who advised him that he "should get somebody at Alice or down here to represent Mrs. Davis." Several days later, Finch put in a long distance call from Lytle, Texas, to Gleason in Alice. He talked with his office and a lady told him that Gleason was out of the city. Finch inquired where he could reach Gleason by phone and, according to Finch, Gleason's office manager referred him to another phone number in Alice. That night he placed a long distance call to Alice from San Antonio. No testimony shows whether the number was Gleason's business phone or merely a place where he might temporarily be reached. An unknown lady answered the phone, who apparently did not give her name. Finch could not identify her. After making a search in the phone book, he could not recall the phone number, nor find a place of business that appeared familiar. The conversation did not help identify the phone number, the business nor the person with whom Finch conversed. The lady stated that Gleason was dead. In fact, Gleason was not dead. Finch testified, when he was told that Gleason was dead, "then I said that I would talk to her and when I got to talking to her she did not know a thing about the lawsuit but she said that she would check into it and she mentioned a fellow by the name of Abcock or Hitchcock, or something like that, *whom I would have to see.*" Finch repeated in his testimony: "* * * she did not know a thing about the lawsuit." He then stated: "Well, of course, at that time I naturally talked to her, thinking that Joe Gleason had passed away, and that she had a manager that she wanted to talk to or somebody, and *she mentioned this Adcock or Hitchcock that I would have*

*to see.*" Finch was then asked: "Did you get in touch with him?" To that question he answered: "No, sir, *I never did do anything more about it.* The way I understood it was that she would have somebody get in touch with me as I told her where I was at. Whoever this woman was I don't know but I tried to find the number I called, however, I cannot locate it, *but I do remember that she said I would have to see Adcock or Hitchcock.* That is as near as I can remember who this woman told me that I would have to see."

 This conversation was reported to Davis, and thereafter neither Davis, nor his agent, Finch, did anything. They did not call back to Gleason's regular business phone. Though the lady disclaimed authority and positively told him that he would need to contact a person named either Adcock or Hitchcock, neither he nor Davis followed those instructions. Had they done so, they would have learned that Gleason was not dead, and also that Adcock was Gleason's competitor rather than his agent. The conversation, taken at full value, as related by Finch, the agent for Davis, instead of relieving them of duty, imposed a duty upon Finch and Davis which they did not pursue. Though asked the direct question three times, Finch never went so far as the court's finding, to say that the lady represented that no steps would be taken in the pending suit. The record shows that Davis disregarded the advice of an attorney, failed to do the things required by an unknown person at an unknown number, which was not a regular business number, and that the person called, instead of engaging upon a conversation of mutual concern, disclaimed any knowledge at all of the lawsuit. Circumstantial evidence may suffice to establish agency of a person who answers a business phone. Colbert v. Dallas Joint Stock Land Bank, 136 Tex. 268, 150 S.W.2d 771; Spolane v. Coy, Tex.Civ.App., 153 S.W.2d 672; Western Union Telegraph Co. v. Campbell, Tex.Civ.App., 212 S.W. 720; Texas Manufacturing Co. v. Fitzgerald, Tex.Civ.App., 176 S.W. 891. The present phone conversation is devoid of circumstances in favor

of an agency. McCormick on Evidence, § 193 (1954).

■■ An adversary who assures a person that no action will be taken until further notice will not be permitted to take advantage of the failure to file an answer. Hurst v. Hurst, Tex.Civ.App., 217 S.W.2d 676; Mohammed v. Maldonado, Tex.Civ. App., 214 S.W.2d 896; Holmes v. Jackson, Tex.Civ.App., 200 S.W.2d 276; McAfee v. Jeter & Townsend, Tex.Civ.App., 147 S.W.2d 884. In the instant suit, however, Davis has failed to prove that the lady at the opposite end of the long distance telephone call was Gleason's agent. But if agency were proved, there is no proof of misrepresentation by the adversary. On the contrary, there is proof that Davis was advised to take certain steps which he never took, and in no way sought to excuse.

This is a suit to set aside default judgment after term time. The judgment is reversed and rendered denying the relief sought by Davis, doing business as Davis Well Service. Berry v. Humble Oil & Refining Co., Tex.Civ.App., 205 S.W.2d 376; Honey v. Wood, Tex.Cix.App., 46 S.W.2d 334.

Reversed and Rendered.

On Motion for Rehearing.

In his motion for rehearing, appellee calls our attention to the fact that appellant has no point that there is no evidence. Appellee urges that there is some evidence, however unsatisfactory it may be. It is urged that the power of the Court of Civil Appeals in such an instance extends only to a remand rather than a rendition of judgment.

■ We are now of the opinion that because the judgment is against the great weight and preponderance of the evidence it should be reversed and remanded. Fuller v. Burran, 151 Tex. 335, 250 S.W.2d 587; Miller v. Fleming, 149 Tex. 368, 233 S.W.2d 571; Childre v. Casstevens, 148 Tex. 297, 224 S.W.2d 461; Elliff v. Texon

Drilling Co., 146 Tex. 575, 210 S.W.2d 558, 4 A.L.R.2d 191; Perry v. City of Gainesville, Tex.Civ.App., 267 S.W.2d 270.

The judgment of the trial court is reversed and the cause remanded. The motion for rehearing is otherwise overruled.